IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAY CRUZ and REBECCA CRUZ,

Plaintiffs,

v.

PITRE, INC. d/b/a PITRE BUICK PONTIAC GMC; and
UNIVERSAL UNDERWRITERS INSURANCE SERVICES, INC.,

Defendants.

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND JURY DEMAND

1. Plaintiffs Ray Cruz and Rebecca Cruz purchased a used 2006 Chrysler 300C from Defendant Pitre, Inc. d/b/a Pitre Buick Pontiac GMC. Pitre failed to provide Mr. and Ms. Cruz with the title certificate for the car. At the time of sale, a lien still existed against the car, but Pitre sold the car to Mr. and Ms. Cruz anyway and now refuses to pay off the lien.

### Jurisdiction

2. This Court has jurisdiction under the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32710 , and under 28 U.S.C. § 1331. It has jurisdiction for the supplemental state claims under 18 U.S.C. § 1367.

3. Venue is appropriate in New Mexico because Mr. and Ms. Cruz reside in New Mexico, Pitre is a New Mexico corporation located in New Mexico that does business in New Mexico and because the actions and omissions that are the subject matter of this lawsuit occurred in New Mexico.

## Parties

4. Plaintiffs Ray Cruz and Rebecca Cruz, husband and wife, reside in Albuquerque, New Mexico. They are “transferees” as defined in 49 C.F.R. § 580.3.

5. Defendant Pitre, Inc. d/b/a Pitre Buick Pontiac GMC is a New Mexico corporation that operates an auto dealership in Albuquerque, New Mexico. Pitre is a “dealer” as defined by 49 U.S.C. § 32702(2), and a “transferor” as defined by 49 C.F.R. § 580.3. Pitreis a motor vehicle dealer within the meaning of the New Mexico Motor Vehicle Dealers Franchising Act, NMSA 1978 §§ 57-16-1, *et seq.* (“MVDFA”).

6. Defendant Universal Underwriters Insurance Services, Inc. is a foreign corporation that provides auto dealer surety bonds for New Mexico auto dealers. It provides the surety bond necessary to license Pitre as an auto dealer, pursuant to NMSA 1978 § 66-4-7.

## Facts

7. On November 29, 2006, Mr. and Ms. Cruz purchased a used 2006 Chrysler 300C from Pitre. Mr. and Ms. Cruz made full payment of $27,325.28 at the time of the sale. *See*, Exhibit A, Buyer’s Order.

8. The title certificate for the car shows that a lien in favor of Americredit Financial Services exists against the car.

9. At the time of sale, Pitre did not deliver the title certificate to Mr. and Ms. Cruz.

10. Upon information and belief, at the time of sale, Pitre had possession of the title certificate for the car.

11. Upon information and belief, prior to the time of sale, Pitre had accepted the car as a trade-in from another consumer.

12. Pitre failed to present the car's title certificate to Mr. and Ms. Cruz, for their examination, in connection with the sale.

13. Pitre failed to obtain the signature of either Mr. or Ms. Cruz on the title certificate, as required by the regulations under the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32705. *See,* 49 C.F.R. § 580.5.

14. In this way, Pitre was able to hide from Mr. and Ms. Cruz that the car had a lien against it.

15. At the time of sale, Pitre provided Mr. and Ms. Cruz with a temporary license tag for the car. The tag is valid for 30 days.

16. Before the temporary tag became invalid, Ms. Cruz telephoned Pitre twice and asked about the title certificate for the car. Each time, Pitre told Ms. Cruz that it had not yet obtained the title certificate for the car.

17. Ms. Cruz also met in person with Michelle Lee, salesperson, prior to the expiration of the temporary tag. At this meeting, Ms. Lee told Ms. Cruz that Pitre still did not have the title certificate for the car.

18. In the first week in January, 2007, Mr. Cruz went to Pitre's lot to get the title certificate for the car because the temporary license tag had expired.

19. Ms. Lee told Mr. Cruz that Pitre still did not have the title certificate for the car. Ms. Lee provided Mr. Cruz with a second temporary license tag, good for another 30 days, although in doing so Pitre violated state law, which provides for only one 30 day temporary license tag.

20. Pitre still has not provided Mr. and Ms. Cruz with the title certificate for the car.

21. In late January, 2007, Mr. and Ms. Cruz discovered that the records of the New Mexico Motor Vehicle Division ("MVD") show that a lien exists against the car.

22. Pitre refuses to pay off this lien in order to provide Mr. and Ms. Cruz with the title certificate for the car.

23. Because of Pitre's wrongful conduct, the title certificate for the car remains in the prior owner's name.

24. Mr. and Ms. Cruz would not have purchased the car if they had known about the lien.

25. Sureties of auto dealer consumer protection bonds – here, Universal Underwriters – are liable for any damages awarded concerning breach of title or fraud by their principal dealers – here, Pitre.

> The bond shall be payable . . . of any loss, damage and expense sustained by the purchaser or his vendees, or both, by reason of failure of the title of the vendor, by any fraudulent misrepresentations or by any breach of warranty as to freedom from liens.

NMSA 1978 § 66-4-7(B). *See also*, *Prince v. National Union Fire Insurance Company*, 75 N.M. 313, 316, 404 P.2d 137, 140 (N.M. 1965) ("the bond is to protect against failure of title or fraud"); *Kerr v. Schwartz*, 82 N.M. 63, 65, 475 P.2d 457, 459 (N.M. 1970) (the auto dealer bond statute "provides for an automobile dealer's bond and license to protect against the failure of title or fraud at the time of purchase"); *Morey v. Miano, et al.*, 141 F.Supp.2d 1061 (D.N.M. 2001); *Rubio v. Bob Crow Chrysler-Plymouth-Dodge, Inc., et al.*, 145 F.Supp.2d 1248 (D.N.M. 2001).

26. Mr. and Ms. Cruz suffered actual damages, including:

a. paying a price in excess of the true value of the car;

b. loss of use of the car;

c. out-of-pocket expenses;

d. lost time;

e. humiliation;

f. aggravation and frustration.

## First Claim for Relief: Violations of the Federal Motor Vehicle Information and Cost Savings Act

27. Pitre violated the Federal Motor Vehicle Information and Cost Savings Act by failing to tender the title certificate to Mr. and Ms. Cruz for signature and by failing to give proper disclosures in transferring the car, in violation of 49 U.S.C. §§ 32701, *et seq.*

28. Pitre violated the Federal Motor Vehicle Information and Cost Savings Act with intent to defraud.

29. Mr. and Ms. Cruz are entitled to recover against Pitre an amount equal to three times actual damages or $1,500, whichever is greater, plus attorney fees and costs.

## Second Claim for Relief: Fraud

30. Pitre induced Mr. and Ms. Cruz to purchase the car by misrepresenting that it held title to the vehicle, unencumbered by liens, and by failing to disclose the lien owed on the car.

31. Pitre knew that this misrepresentation and this omission were material and important.

32. Pitre intended to deceive Mr. and Ms. Cruz and intended that they would rely upon its representations, which they did, to their detriment, suffering damages.

33. Mr. and Ms. Cruz are entitled to recover against Pitre actual damages and punitive damages, in an amount to be proven at trial.

34. Universal Underwriters – as the surety for Pitre's auto dealer consumer protection bond – is liable for all actual damages – including incidental and consequential damages – and attorney fees and costs due to Pitre's fraud.

## Third Claim for Relief: Bad Faith Breach of Contract

35. Pitre breached the contract with Mr. and Ms. Cruz by refusing to fulfill the warranty of title that accompanied Pitre's sale of the car.

36. Pitre's actions were in bad faith and in reckless disregard of Mr. and Ms. Cruz' legal rights.

37. This breach was the proximate and actual cause of damages suffered by Mr. and Ms. Cruz.

38. Mr. and Ms. Cruz are entitled to recover against Pitre actual damages and punitive damages, in an amount to be proven at trial.

## Fourth Claim for Relief: Breach of the Covenant of Good Faith and Fair Dealing

39. Pitre had a contract with Mr. and Ms. Cruz that included a warranty of title.

40. Pitre owed Mr. and Ms. Cruz a duty of good faith and fair dealing in performance pursuant to the contract.

41. Pitre breached this duty by refusing to fulfill the warranty of title.

42. This breach injured the rights of Mr. and Ms. Cruz to realize the benefit of the contract.

43. This breach was the proximate and actual cause of damages suffered by Mr. and Ms. Cruz.

44. Mr. and Ms. Cruz are entitled to recover against Pitre actual damages and punitive damages, in an amount to be proven at trial.

## Fifth Claim for Relief: Breach of Warranty of Title

45. Pitre had a legal obligation to transfer the car's title to Mr. and Ms. Cruz.

46. Pitre failed to transfer the car's title to Mr. and Ms. Cruz.

47. Mr. and Ms. Cruz are entitled to recover against Pitre all damages caused by the breach of the warranty of title, including incidental and consequential damages.

48. Universal Underwriters – as the surety for Pitre's auto dealer consumer protection bond – is liable for all actual damages – including incidental and consequential damages – and attorney fees and costs due to Pitre's breach of warranty of title.

## Sixth Claim for Relief: Violations of the New Mexico Unfair Practices Act

49. This transaction occurred in the regular course of Pitre's trade or commerce, and Pitre's actions and omissions in the sale of the car to Mr. and Ms. Cruz are subject to the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1, *et seq*. ("UPA").

50. Pitre engaged in misrepresentations, including representing that it held title to the vehicle, unencumbered by liens, failing to disclose the lien owed on the car and representing that it did not have possession of the car's title certificate.

51. These misrepresentations are unfair or deceptive trade practices within the meaning of NMSA 1978 § 57-12-2(D) generally and NMSA 1978 § 57-12-2(D)(14), (15) and (17) specifically.

52. Pitre willfully engaged in these unlawful trade practices.

53. Mr. and Ms. Cruz are entitled to recover against Pitre actual or statutory damages, whichever are greater, trebled, plus attorney fees and costs.

## Seventh Claim for Relief:
## Violations of the New Mexico Motor Vehicle Dealers Franchising Act

54. Pitre's actions and omissions defrauded Mr. and Ms. Cruz, within the meaning of the MVDFA. Pitre sold the car to Mr. and Ms. Cruz by misrepresenting that the car did not have a lien against it.

55. Pitre acted maliciously.

56. Mr. and Ms. Cruz are entitled to recover against Pitre actual damages, punitive damages not to exceed three times the actual damages, plus attorney fees and costs.

## Jury Demand

57. Mr. and Ms. Cruz demand trial by six-person jury on all issues so triable.

## Request for Relief

Mr. and Ms. Cruz request that the Court award:

A. Declaratory relief that Pitre is obligated to pay off the lien on the car;

B. Declaratory relief that Pitre breached the warranty of title in connection with its sale of the car;

C. Declaratory relief that Universal Underwriters – as the surety for Pitre's auto dealer consumer protection bond – is liable for all actual damages – including incidental and consequential damages – and attorney fees and costs due to Pitre's fraud and due to Pitre's breach of warranty of title;

D. Statutory or treble actual damages, against Pitre, for violation of the Federal Motor Vehicle Information and Cost Savings Act;

E. Actual and punitive damages, against Pitre, in an amount to be determined at trial, for fraud;

F. Actual and punitive damages, against Pitre, in an amount to be determined at trial, for breach of contract;

G. Actual and punitive damages, against Pitre, in an amount to be determined at trial, for breach of the covenant of good faith and fair dealing;

H. Actual damages, including incidental and consequential damages, against Pitre, for breach of warranty of title;

I. Actual or statutory damages, whichever is greater, trebled, against Pitre, for violations of the UPA;

J. Actual damages and punitive damages, not to exceed three times the actual damages, against Pitre, for violations of the MVDFA;

K. Reasonable attorney fees and costs against Pitre; and

L. Such further relief that is just and reasonable under the circumstances.

Respectfully submitted,

FEFERMAN & WARREN

__/s/ Rob Treinen, Attorney at Law__

ROB TREINEN
300 Central Ave. SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)